## KEMPER'S HEIRS *vs.* HULICK.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT FOR THE PARISH OF ST. MARY, THE JUDGE OF THE SEVENTH PRESIDING.

WESTERN DIS.
*September,*1841.

KEMPER'S HEIRS
*vs.*
HULICK.

Where the vendor and vendee live in the same house, *possession* follows title.

So where the son was possessed of a slave, who was assessed in his name, and lived in the common dwelling with his father at his death, and his. widow took the slave with her when she removed : *Held,* that she was the legal possessor.

This is a possessory action. The plaintiffs, heirs of the late Nathan and Nancy Kemper, claim a slave, which they allege is in the possession of the defendant. The case has once, already been before the court, vide 16 La. Rep., 44.

The evidence showed that William Kemper, husband of the defendant and son of Nathan, in his life time brought the slave Stephen from Rapides, and put him on his father's place where they all lived and worked together. After Wm. Kemper's death, his widow (the defendant) continued to reside in her father-in-law's family for a length of time, and when she removed, about the 9th of April, 1837, took the slave Stephen with her, as her own property. In November following the plaintiffs instituted this suit to recover the possession of said slave. The evidence concerning the ownership of the slave is recapitulated in the opinion of the court.

There was judgment for the defendant and the plaintiffs appealed.

*Splane,* for the plaintiffs.

*Gibbons,* contra.

*Morphy, J.* delivered the opinion of the court.

This case, which is a possessory action, had been remanded for trial on its merits in last September term. It comes up again on an appeal taken by the plaintiffs. We have examin-

WESTERN DIS. ed the evidence and concur in the opinion formed from it by
September,1841. the inferior court. It appears that the boy Stephen, whose
KEMPER'S HEIRS possession is claimed by the heirs of the late Nathan Kemper,
*vs.*
HULICK. was brought into the parish of St. Mary by his son, William
Kemper, the husband of the defendant, on his return from a
visit paid to his uncle in Rapides in the early part of 1824. In
that same year this slave was declared by William Kemper to
be his, and was placed on the assessment roll as such, to the
knowledge and without any objection on the part of his said
father; the possession of this slave thus clearly proved to have
been in the defendant's husband at that time, has never ceased
to exist from aught that appears in the record. He lived with
his father during his life time. After his death his widow and
child continued for some time in the family, until the defendant
removed to some other abode and took away the boy with her.

Where the We have held that when a vendor and vendee live in the same
vendor and ven-
dee live in the house, possession follows title; 3 Martin, N. S., 337. William
same house,
*possession* fol- Kemper does not appear to have ever divested himself of
lows title.
whatever title he may have had to this slave in 1824, when he
returned from Rapides with him in his possession. The cir-
cumstance that the widow of William Kemper suffered the
slave Stephen to be inventoried among slaves of the estate of
Nathan Kemper, the father, and signed the inventory, may
have its weight in a dispute about the title; but it does not, in
our opinion, affect the acquired possession of W. Kemper. If
it is at all to be considered in this suit, it is counterbalanced by
the consent given by the late Nathan Kemper, that Stephen
should be set down on the assessment roll as belonging to his
son.

It is therefore ordered and adjudged that the judgment of
the District Court be affirmed with costs.